UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN MADAY, and
JEAN MARIE MADAY

                    Plaintiff,

v.                                         Civil Action No. _____

PORTFOLIO RECOVERY ASSOCIATES, LLC.,

                    Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff John Maday is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Jean Marie Maday is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Portfolio Recovery Associates, LLC., (hereinafter "PRA") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

1

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That upon information and belief Plaintiff Jean Maday never opened a credit card account with G.E. Money Bank.

11. That Plaintiff Jean Maday's ex-husband opened a credit card account with G.E. Money Bank. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That upon information and belief Defendant was employed by G.E. Money bank to collect on the subject debt.

14. That on or about August 3, 2009, Defendant first contacted Plaintiffs and spoke with Plaintiff Jean Maday. Defendant explained that they were calling to collect on a debt for a G.E. Money Bank credit card. Plaintiff Jean Maday explained that she had never used that card and that her ex-husband had opened it up in her name. Defendant then attempted to set up a payment plan for Plaintiff for $50 a month. Plaintiff Jean Maday explained that at the moment she was not able to afford $50 a month, only $15. Defendant refused Plaintiff's $15 request and Plaintiff requested to speak to a supervisor. Defendant supervisor told Plaintiff that Defendant did not want to take only $15 a month but would anyways, but would also continue to call every week.

15. That despite Defendant contacting Plaintiffs on or about August 3, 2009, Plaintiff has not received the required 30 day validation notice within 5 days of the initial communication.

16. That on or about August 11, 2009, Defendant again contacted Plaintiffs and spoke with Plaintiff Jean Maday. Defendant aggressively attempted to get Plaintiff to agree to a $50 a month payment plan and obtain her checking account information for automatic payments. Plaintiff informed Defendant that she already set up a payment plan for $15 a month and could not afford any more. Defendant again said that he wanted $50 a month and Plaintiff's checking account information, and that if Plaintiff didn't agree Defendant would call everyday. Plaintiff asked to speak with a supervisor and was connected with Marlene Cole. Plaintiff explained to supervisor Cole that at the moment she was having financial difficulties and could only pay $15 a month. Despite Plaintiff's statements Defendant supervisor continued to push for a $50 a month payment plan with automatic deductions from Plaintiff's checking account. Defendant supervisor then told Plaintiff

2

Jean Maday to sell her house in order to pay. Plaintiff Jean Maday became very upset and gave the phone to her husband Plaintiff John Maday. Plaintiff John Maday told Defendant supervisor that Plaintiff Jean Maday's ex-husband would open up credit card accounts in Jean Maday's name. Defendant stated that they had spoken with Plaintiff Jean Maday's ex-husband and that he admitted to opening the account, but since it was in her name she is responsible. Plaintiff stated that Jean Maday does not remember opening the account that accrued the subject debt and requested Defendant send a copy of the application. Defendant supervisor stated that they did not have to provide a copy of the credit card application but they would accept the $15 monthly payment only if Plaintiffs gave checking account information for automatic payments. Plaintiffs terminated the conversation.

17. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by stating Plaintiffs should sell their house to pay the subject debt and that Defendant would call Plaintiff everyday. The natural consequence of such language was to harass, oppress, and abuse the Plaintiffs.

   B. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) by accepting a $15 a month payment plan then saying they wouldn't accept it, and then stating to Plaintiffs that $15 would only be accepted if Plaintiffs provided their checking account information for automatic payments. Said action by Defendant was a deceptive and misleading representation in connection with the collection of a debt.

   C. Defendant violated 15 U.S.C. §1692e, and 15 U.S.C. §1692e(2) by attempting to collect a debt that Plaintiffs do not owe. Defendant stated they spoke with Plaintiff Jean Maday's ex-husband and that he admitted to opening up the subject credit card.

   D. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required 30 day validation notice within 5 days of the initial communication.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

 (a) Actual damages;

 (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

 (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

 (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 15, 2010

_____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
   sandrews@kennethhiller.com